

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:04-CR-72** |
| | § | |
| **EDWARD LEE SIMIEN, JR.** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Edward Lee Simien, Jr., violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #59) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on January 5, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 12, 2005, Judge Crone sentenced Mr. Simien after he pled guilty to the offenses of Possession with Intent to Distribute 50 Grams or More of Cocaine Base, a Class A felony (Count 1), and Use or Possession of a Firearm During and in Relation to a Drug Trafficking Crime, a Class D felony (Count 3). Judge Crone sentenced the defendant to 195 months imprisonment (consisting of 135 months on Count 1 and 60 months on Count 3, to run consecutively to Count 1), followed by a 5-year term of supervised release (consisting of a five (5) term of supervised release on both Count 1 and 3 to run concurrently). On December 17, 2008, Judge Crone reduced Mr. Simien's imprisonment term to 180 months (consisting of a reduction from 135 months on Count 1 to 120 months, and 60 months on Count 3, to run consecutively to Count 1). *See Order* (doc. #46).

The terms of supervised release imposed by Judge Crone included the standard conditions of release, plus special conditions to include drug aftercare and a $200 special assessment. On October 2, 2017, Edward Lee Simien, Jr., completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a standard condition of release in the following manner:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

On November 23, 2020, the U.S. Probation Office was contacted by Drug Enforcement Administration Officer Michael G. Garbo who advised that on or about November 10, 2020, a task force conducted an interdiction operation at the Tucson AMTRAK station, Tucson, Arizona. During the operation, officers conducted a consensual encounter with Mr. Simien who advised officers to be travelling from Beaumont, Texas, to Ontario, California, to visit family for a 1-day trip.[1]

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegations in the petition to revoke. Specifically, the Government would establish that as part of his original sentence in this case, Mr. Simien was ordered not to leave the judicial district without the permission of the Court or his probation officer. The evidence would also show that Mr. Simien's

1 The Petition further sets forth factual allegations related to Mr. Simien's encounter with law enforcement at the train station on November 23, 2020. These allegations are not pertinent to the condition to which Mr. Simien is pleading true and were abandoned by the Government at the revocation hearing. The Court accordingly refrains from restating those alleged background facts here.

term of supervision commenced on October 2, 2020, with an expiration date of October 1, 2025. During that period, on November 23, 2020, Simien was found by law enforcement in Arizona and advised that he was headed to Ontario, California.

Defendant, Edward Lee Simien, Jr., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he left the judicial district without the permission of the Court or his probation officer, all in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without permission. This conduct constitutes a Grade C violation under U.S.S.G.§ 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment authorized by statute in this case is five (5) years because one of the original convictions was a Class A felony. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez,* 952 F.2d 854, 859 (5th Cir. 1992); *United*

*States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id.* *See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Edward Lee Simien, Jr., committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Edward Lee Simien, Jr., to serve a term of **six (6) months imprisonment**, with no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of January, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE